IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| GLORIA TILGHMAN | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 12-02250 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND

Gloria Tilghman ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.§§ .§§ 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 9) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 12). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's Alternative Motion for Remand is GRANTED.

I. Procedural History

Plaintiff protectively applied for SSI on August 25, 2008 alleging disability since May 28, 2000 on the basis of back problems, neck surgery and diabetes. R. at 10, 105-10, 130. Her claim was denied initially and on reconsideration. R. at 58-61, 63-64, 66-67. On August 11, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a

vocational expert ("VE") testified. R. at 23-55. Claimant was not represented by counsel. In a decision dated August 27, 2010, the ALJ denied Plaintiff's request for benefits. R. at 7-19. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20 C.F.R§ 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since August 25 2008, the application date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: cervical disc disease, lumbar disc disease, diabetes, obesity and hypertension. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was unable to perform her past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 7-19.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

2

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred in assessing her residual functional capacity ("RFC"); because he failed to properly evaluate the opinions of her treating physician. She also asserts that the ALJ failed to consider that she presented a "borderline age situation."

### A.   Treating Physician Rule

Plaintiff argues that the ALJ failed to properly consider the opinions of her treating physician, Dr. Hampton Jackson, who reported on July 14, 2009 that "it is very difficult for [Claimant] to do any prolonged standing, walking, pushing or pulling." R. at 328. At that same time, Dr. Jackson also reported that Claimant required a cane for ambulation. *Id*.

Under the "treating physician rule", a treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. *See* 20 C.F.R §§ 404.1527(d)(2), 416.927(d)(2); *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir.2001). However, "if a physician's opinion is not

3

supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178.

The Court finds that the ALJ's decision to afford limited weight to Dr. Jackson's opinion, despite his status as a treating physician, is not supported by substantial evidence. The ALJ ultimately found Claimant capable of walking and standing for 6 hours of an 8 hour day and limited her to pushing and pulling to ten pounds or less. R. at 13. In evaluating Dr. Jackson's opinion, the ALJ seemingly reviewed his treatment records and noted that Dr. Jackson opined that Claimant has extreme limitations including extreme restriction of activities, extreme difficulties in maintaining social functioning, constant difficulties in maintaining concentration, persistence or pace, and continual episodes of decompensation. Dr. Jackson also found Claimant could never sit, stand, walk, climb, bend or squat. R. at 17, 191-92. The ALJ recognized these opinions, but found they were entitled to little weight because they were inconsistent with other evidence in the record including Dr. Jackson's own treatment notes. R. at 17. In support of this statement, the ALJ noted that Dr. Jackson's treatment records between late 2004 and late 2008 revealed diagnoses of chronic cervical disc syndrome, chronic lumbar disc syndrome and chronic cervical and lumbar radiculopathy. R. at 14. The ALJ further noted that Claimant reported back pain radiating into her lower extremities as well as neck and arm pain, but Dr. Jackson's examination indicated only "mild back and neck pain",

4

mild restriction in the range of motion in her spine and no progressive weakness in either upper extremity. R. at 14, 292.

The treatment records from Dr. Jackson span approximately eight years. R. at 190-93, 208-86. While the ALJ cites to specific notations in the record, the Court cannot find that the references cited represent a fair overall reading of Dr. Hampton's observations of Claimant. In 2002, Claimant underwent a double-level cervical discectomy and interbody fusion at C4-C5 and C5-C6. R. at 255. Claimant reported improvement following the surgery for a few months but beginning in October, 2002, she began to report significant symptoms in her back. R. at 251. On December 10, 2002, she reported with no significant improvement as well as "quite a bit of tenderness and spasm with restriction of motion" although she seemed to be doing "fairly well." R. at 250. An MRI revealed multiple level disc disease of L1-L2, L3-L4, L4-L5 and L5-S1. Dr. Jackson recommended absolute rest. R. at 249. Complaints of worsening back symptoms continued in 2003. R. at 244-48. On September 12, 2003, Dr. Hampton noted that a discogram confirmed a positive disc injury which "matched her clinical picture." R. at 244. Claimant underwent percutaneous neuromodulation therapy treatments in the latter part of 2013 and early 2004, R. at 229-42, but in February 24, 2004, Dr. Jackson reported that Claimant "has had enough" and that her back "has been killing her" with "constant pain, worsening over the last months." R. at 228. Dr. Jackson reported no change in her clinical picture in April, 2004 and examination showed persistent tenderness and spasm in her back. R. at 226. June and July 2004 treatment notes indicated again, persistent tenderness and spasm, restriction of motion in her lower pack and straight leg raise testing positive to

5

about 60 degrees.  R. at 223, 224; *see also* R. at 218-22 (indicating similar symptoms).  Dr. Hampton reported in October, 2005 that he had not seen Claimant since January, 2005 but that she had a discogram performed.  R. at 217.  The treatment notes continue with consistent indications of back pain.  Given the plethora of evidence, including contemporaneous examination findings by Dr. Jackson, supporting Claimant's complaints of back pain, the Court finds that the ALJ's conclusion that Dr. Jackson's opinions were not supported by his own treatment records is not supported by substantial evidence.

The Court also does not find convincing the ALJ's citation to the one-time consultative examination performed by Dr. Suresh Gupta on October 27, 2008.  R. at 197-99.  Moreover, Dr. Gupta and Dr. Jackson both noted Claimant's use of a cane, yet the ALJ simply mentioned that use but did not address it in any detail.  R. at 14.   Given the longitudinal picture presented above, the Court finds that Dr. Gupta's examination does not represent substantial evidence sufficient to discount, or entirely discredit, the opinions of Dr. Jackson.  Nor does the "other evidence" discussed in the ALJ's opinion constitute substantial evidence inconsistent with Dr. Jackson's opinion.

V. Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED. A separate order shall issue.[1]

Date: December 27, 2013             _____/s/_____
                                                                    THOMAS M. DIGIROLAMO
                                                                      United States Magistrate Judge

---

[1] Because the Court remands the matter based on the ALJ's failure to address the opinions of Claimant's treating physician, the Court need not address Plaintiff's remaining argument regarding a borderline age situation.